Bessie GRAMMER

v.

Elliot L. RICHARDSON, Sec'y of Health,
Education and Welfare.

Civ. A. No. 70-H-1297.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 26, 1971.

Murray L. Lieberman, Houston, Tex.,
for plaintiff.

Anthony J. P. Farris, U. S. Atty.,
Charles B. Wolfe, Asst. U. S. Atty., So.
Dist. Texas, Houston, Tex., for defendant.

SEALS, District Judge.

## MEMORANDUM AND ORDER

Bessie Grammer brought this action
to reverse the ruling of a Hearing Examiner of the Social Security Administration which denied her application for
disability insurance benefits. 42 U.S.C.
A. § 405(g). On September 25, 1970,
the Bureau of Hearing and Appeals denied Mrs. Grammer's request to review
that decision. She filed suit on December 2, 1970, which was more than sixty
days after the Bureau's denial of review,
but this delay is excused because of her
illness and incapacity.

All of the questions raised by the
plaintiff asserting a denial of due process by the procedure employed by the
Social Security Administration are resolved by exhaustive treatment in Richardson v. Perales, 402 U.S. 389, 91 S.
Ct. 1420, 28 L.Ed.2d 842 (1971). Here,
unlike *Perales*, the claimant was not represented by counsel during the hearing
on her disability claim before the Hearing Examiner. This resulted in a fail-

ure on her part to insist upon the subpoenaing of further evidence from one of her doctors. She was not told by the Examiner that the doctor could be required to furnish the information which Mrs. Grammer thought would help her, rather the Examiner suggested that they not bother the doctor. Further, the Hearing Examiner relied upon medical evidence adduced after the hearing to deny the claim.

 As applied to this claimant the result could have been the denial of fundamental fairness mandated by Congress in these matters. *Perales,* 402 U.S. at 400, 91 S.Ct. at 1427, 28 L.Ed.2d at 852. The hearing should be understandable to the layman and liberal in operation. *Id.* However, questions as weighty as the denial of due process should be avoided where possible, and it is possible here.

 There must be substantial evidence to support the determination of the Hearing Examiner, 42 U.S.C.A. § 405(g), that is, evidence a reasonable mind might accept as adequate to support a conclusion. *Perales* 402 U.S. at 400, 91 S.Ct. at 1427, 28 L.Ed.2d at 852. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U. S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Where there is conflicting testimony which leads to opposite conclusions, as is so often the case, the Hearing Examiner must resolve those differences and his findings are conclusive. Sec. 405(g). Here, the evidence does not conflict. Instead, it all points to the conclusion that this woman is disabled. This is certainly her conclusion and that of her own treating physicians. The consulting physicians who examined the claimant at the Examiner's request reached the same conclusion, but from a different direction. Her doctors concluded that her physical disabilities alone are such as to prevent her from working again. The [consulting] physicians concluded that although she was injured and might perform some sedentary tasks satisfactorily that she could not do so because of a mental block.

They further concluded that she would not respond satisfactorily to any therapy to alleviate this block and would therefore be unable to perform the tasks which she could otherwise perform.

The "disability" under the law need not be entirely physical or entirely mental, but may be either or any combination of the two. 42 U.S.C.A. § 423(d) (1) (A).

 All of the evidence before the Hearing Examiner points to the fact that Mrs. Grammer is totally disabled within the terms of the Act.

It is therefore ordered that the decision of the Hearing Examiner is reversed and the case is remanded to him to determine the amount of disability benefits to which this claimant is entitled not inconsistent with this opinion.